[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
"The scope of a release agreement and whether it operated to release a certain person from liability . . . are questions to be resolved by the trier of fact." Donner v. Kearse, 234 Conn. 660, CT Page 1107 674 (1995). "In construing the scope and effect of a release, the intent manifested by the parties must govern." Remington Productsv. North American Philips Corp., 717 F. Sup. 36, 41 (D Conn. 1989). "The parties' intentions may be determined by looking at the specific language of the release and circumstances surrounding its execution." Id., 42.
The defendant has submitted copies of two checks. On the back of each check it states that "[t]he endorsement of this check by the payee constitutes a complete release and receipt in full settlement of the claim or account shown on the other side." The other side of the check does not contain any language establishing the scope of the release or the intentions of the parties. Robert Rydell, Senior Claims Representative of Connecticut Interlocal Risk Management Agency, avers in his affidavit that the parties intended that the two checks would constitute a full and final settlement of all claims. The plaintiff's affidavit states, however, that the parties only intended that the above two payments were for medical bills only and not for any claim for pain and suffering. Moreover, if the first check was a full release, it would have been unnecessary for the defendant to send a second check. Accordingly, a question of material fact exists as to the scope of the release and the parties' intentions, and the court denies the motion for summary judgment.
Freedman, J.